# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ATHENS DIVISION

Ming Zhang,

    Plaintiff(s),

v.                                    Case No.: 3:23-cv-00149-CDL

**THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, JOSE CORDERO in his individual capacity and MARSHA DAVIS IN HER INDIVIDUAL CAPACITY,**

    Defendant(s).

## CONSENT PROTECTIVE ORDER

### PREAMBLE

This lawsuit is presently in the discovery stage, and it appears that such discovery will involve review of personnel and employment-related documents and confidential information relating to current and former students and employees of Defendant BOR as well as documents protected under the Health Insurance Portability and Accountability Act ("HIPAA"). Discovery may also involve review of confidential student education records protected by the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g; 34 C.F.R.

Part 99). The Parties have agreed to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary, and/or sensitive information, so long as all parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order.

In addition, discovery in this case may include significant amounts of Electronically Stored Information ("ESI"). Some of the ESI and other documents produced in this matter may contain attorney-client privileged communications, protected attorney work-product material, information and documents protected by HIPAA and FERPA, and other information protected as "privileged" under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure (hereinafter "Protected Material").

The Parties acknowledge that, despite best efforts to conduct a thorough pre-production review of all ESI and other documents, some Protected Material may be inadvertently disclosed to the other party during the course of this litigation.

The Parties desire to establish a mechanism to avoid waiver of privilege and any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material and to protect the confidentiality of Protected

Material to the maximum extent possible, consistent with the Court's Rules 16 and 26 Order (Doc. 17).

The parties hereto having consented through their respective attorneys to the entry of this Protective Order in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1. NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE.

(a) The inadvertent disclosure of any document which is subject to a legitimate claim that the documents should have been withheld from disclosures as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

(b) Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such

documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written requests. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking court determination of the issue.

2. The following documents shall be designated as confidential without the necessity of any further designation or action by the parties:

(a) Plaintiff's medical and psychological records;

(c) any document from the personnel, employment, educational, medical, or payroll file of any non-party to this civil action, whether employee, former employee, or student of Defendants, including, but not limited to, wage and salary information, compensation documents, coursework, course grades; protected health information, and personally identifiable information;

(d) confidential and/or proprietary business/employer information; and

  (e) any other documents which a party in good faith designates as "confidential."

3. Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose and shall not be disclosed to any other person or third party other than:

  (a) Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

  (b) Plaintiff, but only as set out in paragraph 4 below;

  (c) The Court, persons employed by the Court working on this litigation, and jurors or prospective jurors;

  (d) Court reporters at the proceedings in this action;

  (e) Experts or consultants retained or consulted by the parties, but only as set out in paragraph 4 below; and

  (f) Deponents, trial witnesses, potential fact witnesses, and potential deposition witnesses, but only as set out in paragraph 4 below.

4.	Prior to making such disclosure of any confidential documents or information pursuant to paragraph 3 in a motion, hearing, or trial, counsel for the parties shall confer on material that is designated as confidential. Fourteen (14) days before a public filing or hearing, the party desiring to use the material to support a public filing or hearing must notify the party who designated the material as confidential of its proposed use. If the designating party objects to the public disclosure of such material, that party shall have seven (7) days after receiving notice of the proposed use to file a motion to seal the material. The party desiring to use said material shall have seven (7) days to respond to the motion to seal.

5.	After the conclusion of this matter as to all parties, each confidential document shall be maintained by counsel as confidential and shall not be disclosed to any other person or third party other than as is necessary for any issue arising from and concerning this litigation.  Upon written request, counsel shall return any confidential information and/or documents of the other party.

6.	Nothing in this Order shall prevent a party from any use of his or her own confidential documents.

7.	The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of Plaintiff's or

Defendants' claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8.  Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

9.  The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

DONE and ORDERED this 28th day of February, 2025.

s/Clay D. Land
The Honorable Clay D. Land
United States District Judge